E-FILED
Tuesday, 19 July, 2022  03:50:27 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CR-20021 |
| | ) | |
| ROBERT L. PENNINGTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S FIRST MOTION *IN LIMINE*

NOW COMES the United States of America, by and through Gregory K. Harris, United States Attorney for the Central District of Illinois, and William J. Lynch, Assistant United States Attorney, and hereby respectfully moves *in limine* to exclude certain evidence, statements, and arguments that it anticipates may be raised by this defendant during the trial of this case. While many of the United States' requests are common knowledge to practitioners of criminal law, the defendant represents himself and has repeatedly stressed that he does not have the knowledge a lawyer has. The United States submits the following:

### BACKGROUND

The Federal Rules of Evidence provide a framework which allows the admission of relevant evidence, but which prevents the jury from being exposed to and burdened with evidence that is inadmissible. Fed. R. Evid. 103(d) and 403. Rule 103(d) provides: "To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Federal Rule of Evidence 402

1

further provides that "relevant evidence is admissible ... [i]rrelevant evidence is not admissible." The test for relevant evidence is defined in Rule 401, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." And, even where evidence is arguably relevant, the Court may exclude the evidence if its probative value is "substantially outweighed by a danger of ... unfair prejudice, confusion of the issues, misleading of the jury..." Fed. R. Evid. 403. To facilitate compliance with the Rules, the United States moves the Court to instruct the defendant not to introduce inadmissible evidence or statements, and avoid making irrelevant arguments in the presence of the jury.

### 1. References to Potential Penalties the Defendant Faces if Convicted

This Court should preclude the defendant and any defense witness from introducing any evidence, making any statement, or asking any questions regarding the potential penalties the defendant faces if convicted. The requested Order is consistent with the long-standing rule that is "well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (internal quotation omitted). At the defendant's trial, the jury will have no sentencing function, and any information about his potential penalties would draw the attention of the jury away from its chief function as the sole judge of the facts, would open the door to compromised verdicts, and confuse the issues to be decided. *See United States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995).

2

The United States moves for a ruling precluding the defendant and any defense witness from introducing any evidence, making any statement, or asking any questions regarding the potential penalties the defendant faces if convicted.

### 2. Inapplicable Defenses and Improper Arguments

The Supreme Court and the Seventh Circuit have held that in order to offer an affirmative defense, a defendant must first set forth evidence in support of the defense. *See United States v. Bailey*, 444 U.S. 394, 415-17 (1980) (duress and necessity defenses); *United States v. Baker*, 438 F.3d 749, 753 (7th Cir. 2006) (public authority defense); *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) (necessity defense); *United States v. Mayfield*, 771 F.3d 417, 440 (7th Cir. 2014) (requiring a defendant to proffer sufficient evidence that "the government induced him to commit the crime and he was not predisposed to commit it" before the jury be instructed on an entrapment defense). And even if a defendant does proffer some evidence in support of a defense, the Court must still exclude that defense when the evidence is insufficient as a matter of law. *See Bailey*, 444 U.S. at 415-17; *Baker*, 438 F.3d at 753; *United States v. Blitch*, 773 F.3d 837, 844, 846 (7thCir. 2014) (where defendants failed to proffer evidence in support of an entrapment defense, "the district court did not err in precluding the defense at trial").

This Court should also prohibit him from making any arguments related to those inapplicable affirmative defenses at trial in the event that no evidence is offered to sustain them. On this point, the Seventh Circuit has repeatedly held that a criminal defendant may not argue jury nullification. *See, e.g., Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003) ("A defendant has of course no right to ask the jury to disregard the

3

judge's instructions ('jury nullification').")*; Braun v. Baldwin*, 346 F.3d 761, 764 (7th Cir. 2003) (citing *Sparf v. United States*, 156 U.S. 51, 102 (1885)) ("A defendant's lawyer isn't permitted to argue to the jury that it should disregard the law.")*; Gibbs v. VanNatta*, 329 F.3d 582, 584 (7th Cir. 2003) ("A jury does not have the authority to disregard the law, and as a result . . . a defendant's lawyer is not permitted to argue to the jury that it should disregard the law; nor does the judge let on to the jury that it has the power to acquit in the teeth of the law.").

The United States moves for a ruling prohibiting the defendant from arguing an affirmative defense that is not supported by any evidence or from making related, improper arguments.

### 3. Claims of Judicial or Government Misconduct

The United States asks the Court to preclude the defendant from attempting to admit evidence, arguing, or otherwise referring to, allegations relating to judicial or governmental misconduct, bias, or collusion. Claims of improper or outrageous government conduct must be resolved by the Court and not the jury. *See United States v. Bontkowski,* 865 F.2d 129, 131 (7th Cir. 1989); *United States v. Washington,* 705 F.2d 489, 495 (D.C. Cir. 1983). Government conduct in the course of investigation or prosecution, including the subjective intentions or motivations of a government agent, is no defense to a criminal charge. *See United States v. Boyd,* 55 F.3d 239, 241-42 (7th Cir. 1995); *United States v. Goulding,* 26 F.3d 656,667 (7th Cir. 1994).

4

The United States moves for a ruling prohibiting the defendant from asserting judicial or governmental conduct claims before the jury, as they are more properly pre-trial matters.

### 4. Lack of Good-Faith Basis

Questions and arguments without a good-faith basis are not properly before the jury. Argument or evidence which comments on unsupported allegations of misconduct, bias and collusion is improper, and should not be permitted. "No attorney may ask a question if he doesn't have a good-faith basis to ask it; that is, attorneys cannot take a shot-in the dark approach to their questions," *United States v. Beck,* 625 F.3d 410, 418 (7th Cir. 2010), citing *United States v. Taylor,* 522 F.3d 731, 736 (7th Cir. 2008). An attorney need not have definitive proof to have a good-faith basis, just "[a] well-reasoned suspicion that a circumstance is true." *United States v. Snmpol,* 636 F.2d 621, 658 (D.C. Cir. 1980). Since the defendant will be representing himself at this trial, he will function as an attorney would and should be subject to the same restrictions.

The United States moves for a ruling prohibiting the defendant from asking questions or making arguments without a good-faith basis.

### 5. References to Motivation for Investigation and Prosecution

The United States further moves for this Court to preclude evidence and arguments as to the government's motivation for engaging in the investigation and prosecution of the defendant. Inquiries regarding the subjective intentions or motivations of a law enforcement official are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g., United States v. Goulding,* 26 F.3d 656, 667 (7th Cir.

5

1994) (noting, even in the context of an entrapment defense, that it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"). Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *See United States v. Johnson,* 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Berrigan,* 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to" discriminatory prosecution"). The defendant may, of course, inquire as to bias of any witness to tell the truth while testifying under oath.

The United States moves for a ruling prohibiting the defendant from presenting evidence or making arguments as to the government's motivation for engaging in the investigation and prosecution of the defendant.

### 6.  Statements of Law

The United States asks this Court to preclude the defendant from presenting any "evidence" as to what the law is. To ensure the fair and effective functioning of the courts, it is essential to maintain the proper division between the jury, as finder of fact, and the court, as interpreter of law. *See,* Instruction 1.01, Seventh Circuit Pattern Criminal Jury Instructions. It is well established that "[i]n our judicial system the court instructs the jury on the applicable law, and directs the jury to determine the facts from the evidence and to apply the law as given by the court to those facts." *United States v. Garber,* 589 F.2d 843, 849 (5th Cir. 1979). "The law is given to the jury by the court and not introduced as evidence.... Obviously, it would be most confusing to a jury to have

6

legal material introduced as evidence and then argued as to what the law is or ought to be." *Cooley v. United States,* 501 F.2d 1249, 1253-54 (9th Cir. 1974).

The United States moves for a ruling prohibiting the defendant from presenting any "evidence" as to what the law is. That is the role of jury instructions.

### 7.  Parties Prohibited from Defining Reasonable Doubt

The Seventh Circuit has repeatedly admonished that it is improper for either the trial court or the parties to attempt to define "reasonable doubt" for the jury. *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988); *United States v. Hanson*, 994 F.2d 403, 407 (7th Cir. 1993); *United States v. Hall*, 854 F.2d 1036, 1039 (7th Cir. 1988); *United States v. Regilio*, 669 F.2d 1169, 1178 (7th Cir.), *cert. denied*, 457 U.S. 1133, (1982). This is because "an attempt to define reasonable doubt presents a risk without any real benefit." *Hanson*, 994 F.2d at 407 (quoting *Hall*, 854 F.2d at 1039). Seventh Circuit Pattern Jury Instruction 1.04 recognizes this well-established circuit authority by providing "no instruction" for the definition of reasonable doubt. The defendant, who must of course follow the same rules as counsel, should be specifically advised that he is prohibited from attempting to define reasonable doubt.

The United States moves for a ruling prohibiting the defendant from defining or redefining reasonable doubt.

### 8.  Courtroom Protocol

The United States asks this Court to admonish the defendant that he will be bound by the same rules of procedure and law as binds all attorneys at trial. It is well-established that a defendant who proceeds *pro se* does so with no greater rights than a

7

defendant represented by a lawyer, and the trial court is under no obligation to become an advocate for, or to assist and guide, a *pro se* defendant. In *Faretta v. California,* 422 U.S. 806 (1975), the Supreme Court conclusively stated that a defendant has the right to represent himself. However, the Court also clearly stated that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." 422 U.S. at 833 & n.46; *see also Birl v. Estelle,* 660 F.2d 592 (5th Cir. 1981); *United States v. Pinkey,* 548 F.2d 305 (10th Cir. 1977).

The Seventh Circuit has stated that a *pro se* defendant should be warned not to speak in the first person in his comments on evidence and the jury should be carefully instructed that nothing the *pro se* defendant says in his role as "lawyer" should be considered as evidence. *United States v. Oglesby,* 764 F.2d 1273, 1276 (7th Cir. 1985) (*quoting United States v. Veteto*, 701 F.2d 136, 138-39 (11th Cir. 1983)). The parties must address the Court or witnesses on the witness stand, rather than directly address one another. All those who appear before the Court in the capacity of party representative must abide by the same rules.

The defendant has decided to proceed *pro se.* As such, the defendant appears both as defendant and as attorney when he is before the jury. Therefore, the defendant should be advised that he cannot engage in objectionable approaches to evidence, insinuating questions and questions which demonstrate an overbearing attitude towards the witnesses. Further, as the defendant is alleged to have participated in the offenses on trial, the United States requests that the Court instruct the defendant that he

8

cannot "testify" or attempt to provide evidence himself when questioning the witnesses. The United States further requests that the defendant be admonished that he is not permitted to use his *pro se* representation as an excuse or subterfuge to testify or present evidence without being subject to cross examination. If the defendant fails to take the witness stand, the only occasions on which the jury then hears from the defendant is when he is in his "role" as attorney.

The United States moves for a ruling which instructs the defendant that he will be bound by the same rules of procedure and law as an attorney.

WHEREFORE, for the above-stated reasons, the United States respectfully requests this Court to grant this Motion in Limine.

Respectfully submitted,

GREGORY K. HARRIS
UNITED STATES ATTORNEY

*s/ William J. Lynch*
William J. Lynch
IL Bar No. 6324270
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: (217) 373-5875

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on July 19, 2022, which will provide notice of this filing to stand by counsel of record. Additionally, a copy of the foregoing document was mailed to the defendant at:

> Robert L Pennington, Jr
> KNOX
> Knox County Law Enforcement Center--Knox County Jail
> Inmate Mail/Parcels
> 152 S Kellogg Street
> Galesburg, IL 61401

*s/ William J. Lynch*
William J. Lynch
Assistant United States Attorney