E-FILED
Tuesday, 19 July, 2022  03:52:57 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CR-20021 |
| | ) | |
| ROBERT L. PENNINGTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S SECOND MOTION *IN LIMINE***

NOW COMES the United States of America, by and through Gregory K. Harris, United States Attorney for the Central District of Illinois, and William J. Lynch, Assistant United States Attorney, and hereby respectfully moves *in limine* to have the Court specifically advise the defendant of the possibility of waiving his presence at trial through disruptive misconduct. In support thereof, the United States submits the following:

**Waiver of Physical Presence at Trial**

A criminal defendant's right to be present at trial "is constitutional bedrock," guaranteed by the Sixth Amendment. *United States v. Benabe*, 654 F.3d 753, 768 (7th Cir. 2011). That right to be present during trial proceedings may be waived through absence at such proceedings, but only so long as that absence is "knowing and voluntary." See, e.g., *United States v. Achbani*, 507 F.3d 598, 602 (7th Cir. 2007). Yet, a defendant can waive this constitutional right to be present, either explicitly or implicitly by his actions through misconduct, after being initially present at trial. *Benabe*, 654 F.3d at 768. In

*Benabe*, for example, the district court barred the attendance of two defendants who had submitted frivolous filings and gave the Court pause about whether or not they would disrupt trial proceedings, particularly jury selection. *Id*. at 765. Despite the court advising the defendants of the risks and consequences of attempting to derail proceedings and seeking assurances from them that they would not interrupt the proceedings, the court barred their attendance where they would not promise to behave appropriately. *Id.* at 766. The Seventh Circuit later affirmed the district court's determination that the defendants knowingly and voluntarily waived their right to be present at trial "through their tandem campaign of obstreperous interruptions and frivolous legal arguments." *Id*. at 769; see also *United States v. Sterling*, 738 F.3d 228, 236 (11th Cir. 2013) (affirming trial court's decision to remove disruptive defendant because of risk his behavior might taint the jury pool). The Seventh Circuit laid out some of the behavior as follows:

> These defendants raised their immunity arguments with the trial court, which properly dismissed them. But for these defendants, once was not enough. Rather than acknowledging the court's ruling (and, if they wished, saving their arguments for appeal), these defendants continued to interrupt the proceedings in a campaign to obstruct the trial. In doing so, they crossed the line, entering the territory of abuse of the judicial process. Judge Castillo did not err in acting on his valid concern that Delatorre and Benabe would continue on their campaign of confusion and obstruction in the presence of the jury at the risk of prejudicing the venire and necessitating a delay of the proceedings.

*Id.* at 767.

While a court must "indulge every reasonable presumption against the loss of constitutional rights," a trial judge has discretion in how to deal with a disruptive and

defiant defendant. See *Illinois v. Allen*, 397 U.S. 337, 343 (1970). Indeed, the Supreme

Court there held:

> It is essential to the proper administration of justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe that trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case.

*Id*. Associated with a judge's power and responsibility to require proper conduct in a

court of law is Rule 611 of the Federal Rules of Evidence, which provides:

> The Court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time, and (3) protect witnesses from harassment or undue embarrassment.

Additionally, Rule 43 of the Federal Rule of Criminal Procedure provides that a

defendant waives this right to be present when, "the court warns the defendant that it

will remove the defendant from the courtroom for disruptive behavior, but the

defendant persists in conduct that justifies removal from the courtroom." Fed. R. Crim.

P. 43(c)(1)(C). The effect of a defendant's waiver in this manner means the trial may

proceed to completion, including the verdict's return and sentencing, during the

defendant's absence. Fed. R. Crim. P. 43(c)(2). However, it is important to note that a

defendant who has lost the right to be present can always regain it as soon as he "is

willing to conduct himself consistently with the decorum and respect inherent in the

concept of court and judicial proceedings." *Benabe*, 654 F.3d at 769 (quoting *Allen*, 397

U.S. at 343).

This motion has been submitted to the Court only in light of the defendant's

repeated reiteration of foreclosed issues in this case, most notably the suppression decision made years ago. The next step in these proceedings will be trial. The purpose of trial is for a jury to decide whether facts exist beyond a reasonable doubt which prove the defendant guilty of a violation of 21 U.S.C § 841(a)(1). It is not a venue to air grievances with adverse pre-trial decisions or other irrelevant issues to the narrow purpose for which a criminal petit jury is called.

The undersigned submits this motion with the knowledge that he, too, is prohibited from engaging in disruptive behavior or making frivolous legal arguments. This motion merely seeks to put the defendant on notice of the consequences that follow behavior that an attorney would otherwise know not to engage in.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Honorable Court advise the defendant of the possibility of waiving his presence at trial through disruptive misconduct.

Respectfully submitted,

GREGORY K. HARRIS
UNITED STATES ATTORNEY

*s/ William J. Lynch*
William J. Lynch
IL Bar No. 6324270
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: (217) 373-5875

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on July 19, 2022, which will provide notice of this filing to stand by counsel of record. Additionally, a copy of the foregoing document was mailed to the defendant at:

Robert L Pennington, Jr
KNOX
Knox County Law Enforcement Center--Knox County Jail
Inmate Mail/Parcels
152 S Kellogg Street
Galesburg, IL 61401

s/ *William J. Lynch*
William J. Lynch
Assistant United States Attorney